IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: )<br>)<br>ROGER WILLIAM HUDDLESTON )<br>and MARGO ANN HUDDLESTON, )<br>)<br>Debtors. ) | Bankruptcy Case No. 05-91736 |
| FARMERS AUTOMOBILE )<br>INSURANCE ASSOCIATION and )<br>PEKIN INSURANCE COMPANY, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ROGER W. HUDDLESTON, ROBERT )<br>LEONARD, WILLIAM COOK, DIANA )<br>WATERS, DAVID WEGENG, and )<br>ROGER FONTANA, )<br>)<br>Defendants. ) | Adversary Case No. 05-9059 |

OPINION

This matter having come before the Court on Plaintiffs' Motion for Judgment on the Pleadings; the Court, having reviewed said Motion and written memoranda submitted by the parties, and being otherwise fully advised in the premises, makes the following findings of

fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a motion for judgment on the pleadings may be granted if the moving party clearly establishes that no material issue of fact remains to be resolved. In this case, the parties agree that the Bankruptcy Court has jurisdiction over this matter and that the cases cited in the Movants' Brief appropriately establish that the Court must look to the underlying complaint and the relevant provisions of the subject insurance policies to determine this matter. Further, the Court must resolve all doubts concerning the scope of coverage in favor of the insured. The parties further agree as to the pertinent provisions of the subject insurance policies which must be considered in order to determine the liability insurance coverage question raised in this declaratory judgment action.

In considering this matter, the Court has carefully reviewed the Amended Complaint filed by the nominal Defendants in this proceeding as plaintiffs in the United States District Court for the Central District of Illinois, in Cause No. 05-02054, seeking relief against Defendant, Roger W. Huddleston, and others. In reviewing said Amended Complaint, the Court notes that, if the underlying Amended Complaint alleges facts within, or potentially within, the policy coverage afforded by the Plaintiffs in this declaratory judgment action, the insurers are obliged to defend the insured, Roger W. Huddleston, even if the allegations are groundless, false, or fraudulent. U. S. Fidelity and Guaranty Company v. Wilkin Insulation Company, 144 Ill.2d 64, at 73 (1991). In this regard, the Court finds that the underlying Amended Complaint does not allege a cause of action for "wrongful eviction," and, therefore, no coverage is afforded under either Farmers' household policy or Pekin's excess umbrella policy. Although the nominal Defendants make argument in their memoranda of law that they were forcefully removed from a business premises, and that Defendant, Roger W.

Huddleston, had a part in this removal, there is nothing in the Amended Complaint which supports this argument. In fact, the only allegation in the Amended Complaint remotely related to the nominal Defendants' argument is paragraph 7, which states:

> 7. That on February 28, 2004, Plaintiffs, ROBERT LEONARD, WILLIAM COOK, DIANA WATERS, DAVID WEGENG and ROGER FONTANA, attempted to enter the business premises of Defendant, ROUND BARN RESTAURANT, INC., and were denied entry thereto by Defendant, PHIL KATSINAS.

This allegation is insufficient to invoke the liability coverage suggested by the nominal Defendants. The underlying Amended Complaint must allege facts that, on their face, demonstrate a potentiality for coverage in order to impose a duty to defend on either insurer involved in this litigation. Conway v. Country Casualty Insurance Company, 92 Ill.2d 388 (1982).

In conclusion, the Court finds Farmers Automobile Insurance Association and Pekin Insurance Company have no duty or obligation to defend Roger W. Huddleston in Cause No. 05-02054, pending in the United States District Court for the Central District of Illinois. The Court further finds that no basis has been established for the award of fees and costs in this matter. As such, that request by Farmers Automobile Insurance Association and Pekin Insurance Company should be denied.

###